**JOHN S. SILLS & SONS, Inc., v. BRIDGETON CONDENSED MILK CO. et al.**

**No. 4207.**

Circuit Court of Appeals, Third Circuit.

Aug. 26, 1930.

George Ryall, of New York City, for appellant.

Linwood W. Erickson and Powell & Erickson, all of Bridgeton, N. J., for appellees Richman's executors.

Walter H. Bacon, Jr., of Trenton, N. J., for other appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an action at law brought by the plaintiff against the defendants to recover damages in the amount of $41,305.30, with interest, for loss sustained through an alleged breach of warranty in the sale of condensed milk. The original summons in this action was issued December 31, 1923. The plaintiff filed its second amended and supplemental complaint, setting forth its cause of action. The defendants filed their motion to strike out and dismiss plaintiff's complaint on the ground: First, that the plaintiff's action is barred by the Statute of Limitations (3 Comp. St. N. J. 1910, p. 3162, § 1), which in New Jersey bars the institution of suit after a period of six years from the time the right to sue accrues; and, secondly, the defendants are not properly joined. The District Court sustained the defendant's motion and struck out and dismissed plaintiff's complaint. From this judgment plaintiff has appealed to this court.

The plaintiff's complaint contains four counts. In the first three counts, it is alleged that the Bridgeton Condensed Milk Company, during the months of August and September, 1917, sold condensed milk to the plaintiff which was resold to different parties for shipment to France, more than six years and three months before suit was started on December 31, 1923. A written agreement of sale warranted the milk against swells for a period of six months from the date of shipment. The condensed milk purchased by plaintiff was sent by the defendants direct to the customers of the plaintiff and shipped to France in the original containers. Some time after the arrival in France and within the period of warranty, the containers were opened by government officials there and found to be defective and unfit for human consumption. Suits to recover damages were instituted by plaintiff's customers which were terminated either by cash settlements, or the entry of judgment against John S. Sills Company.

The plaintiff contends that the statute began to run at the end of the period of warranty, six months after the date of shipment. The defendants contend that the breach of warranty occurred, if there was a breach of warranty, when the swells and defective condition occurred. The defendants' position is correct; the breach of warranty might occur before the end of the period of warranty and the plaintiff might bring his action at once when the breach of warranty occurs; that is, when the swells occurred and the milk became defective. Wilcox v. Plummer, 4 Pet. (29 U. S.) 172, 7 L. Ed. 821; Aachen & Munich Fire Ins. Co. v. Morton (C. C. A.) 156 F. 654, 15 L. R. A. (N. S.) 156, 13 Ann. Cas. 692.

The plaintiff in its complaint does not state when the swells occurred nor when they were discovered. It is simply alleged in the complaint that the swells occurred and were discovered within a period of six months from the date of shipment, but no date of shipment is given. The only dates stated in the complaint are the dates of sales in the months of August and September, 1917. The time alleged in the complaint may have been within a very short time, a day or two, or a week or two, or within a month or two of the date of sale, in which case the plaintiff's action is barred by the Statute of Limitations. The plaintiff must state his complete case in his complaint and prove the case, as stated in his complaint, and the court cannot find from the date in the complaint that the suit was started within six years of the breach of the warranty, the occurrence of the swells or defective condition of the

milk. The only dates from which we can calculate are the dates of the sales of the milk, August and September, 1917, and calculating from these dates, the suit for the items of damages mentioned in the first three counts is barred by the Statute of Limitations.

 In the fourth count, the plaintiff sued for the balance due upon a running account between October 7, 1917, and March 20, 1920. The accounts may have occurred within a few days of the first date and still be between October 7, 1917, and March 20, 1920, in which event the action would be barred by the Statute of Limitations. It is not alleged that the last item of the running account occurred on March 20, 1920, or near it, but between October 7, 1917, and March 20, 1920.

The Statute of Limitations is pleaded as a bar to the action, and in calculating the time, the court must calculate from December 31, 1923, the date of the original summons, back to the time of the breach of the contract, and the plaintiff's dates of sales must be taken as the dates to which the calculations must be made, August and September, 1917, in the first three counts, and October 7, 1917, in the fourth count.

The Statute of Limitations bars the plaintiff's action, and it is not necessary to consider the second assignment of error; and the judgment of the court below is affirmed.